## CITY OF GRETNA v. GRETNA TRUST & SAVINGS BANK et al.

### No. 16026.

Court of Appeal of Louisiana. Orleans.

Feb. 18, 1935.

Andrew H. Thalheim, of Gretna, for appellant City of Gretna.

L. Julian Samuel, of Gretna, for appellee Mrs. Ruth Young.

Jno. E. Fleury, of Gretna, for appellee Gretna Trust & Savings Bank.

WESTERFIELD, Judge.

The question presented by this appeal is the ownership of a deposit of $408.78 standing in the name of Charles D. Young, tax collector, on the books of the Gretna Trust & Savings Bank (formerly the Jefferson Trust & Savings Bank), which institution is now in liquidation. The deposit is claimed by the city of Gretna and by Mrs. Ruth Young, the widow of Charles D. Young.

In the lower court Mrs. Young was successful, and a judgment was rendered in her favor recognizing her as the owner of the deposit. From that judgment the city of Gretna has appealed.

Charles D. Young was for some years city tax collector and superintendent of waterworks of the city of Gretna. In July, 1925, a new administration having come into authority in that city, Mr. Young's services terminated, and an audit was ordered of his accounts, with the result that a discrepancy or shortage was discovered which the city of Gretna claims amounted to the sum of $7,271.51. A settlement was made by Young with the city, which, according to the contention of the city, was made up as follows:

| | |
|---|---:|
| Deposit to the credit of Charles D. Young, Tax Collector, in the Jefferson Trust & Savings Bank... | $ 408.78 |
| Cash | 5,048.60 |
| Check from the Jefferson Water Co., Inc. | 19.00 |
| Checks of the City of Gretna held by the said Charles D. Young, amounting to | 1,943.47 |
| | $7,419.85. |

These credits indicate an overpayment of $148.34, and the city issued its voucher check under date of September 19, 1925, for that amount. On September 1, 1925, the city council of the city of Gretna adopted the following resolution:

"Be it further resolved, that the sum of four hundred eight and 78/100 ($408.78) dollars to the credit of Chas. D. Young, former tax collector, be transferred to the credit of the general fund, upon receiving receipt from the city treasurer.

"On motion of Ald. Schurb, seconded by Ald. Bender, the following resolution was unanimously adopted.

"Whereas, the auditors report shows certain discrepancies in the accounts of former city tax collector and superintendent of water works, Chas. D. Young; and

"Whereas, the said Chas. D. Young has made restitution of the said discrepancy, amounting to $7271.51, in the following manner: cash, $5048.60; check from Jefferson Water Co., Inc. $19.00; and the sum of $1943.47 in checks issued by the city of Gretna to said Chas. D. Young, for services rendered during the former administration, in which Henry P. Viering was Mayor, and which sums are recognized as being due by the city of Gretna to said Chas. D. Young;

"Be it resolved, that the above sum of $7271.51 be apportioned as follows:

| | |
|---|---:|
| Waterworks Fund | $5,471.01 |
| General Fund | 1,800.50 |

and that said sums be deposited by the treasurer to the credit of said funds.

"Be it further resolved, that since restitution has been made of the said discrepancy,

that the district attorney be notified that the mayor and board of aldermen have no desire to institute a criminal prosecution insofar as they are concerned, and that a copy of this resolution be sent to the district attorney.

"On motion of Ald. Heese, seconded by Ald. Schurb, the following resolution was unanimously adopted:

"Be it resolved, that the finance committee be authorized to approve all bills and accounts that were paid by former city tax collector Young, where material was used on the works or to the benefit of the City of Gretna, and

"Be it further resolved, that proper vouchers be drawn to pay all such bills."

On September 4, 1925, the following report and recommendations of the finance committee were adopted by the city council:

"A report of the finance committee approving amounts totaling $179.64 paid by C. D. Young, former tax collector out of his personal funds, for obligations of the city of Gretna, was received and the amount ordered paid Mr. Young.

"The following resolution by Ald. Tillotson, seconded by Ald. Bender, was passed by unanimous vote:

"Whereas, in turning over to the city of Gretna certain amounts due by C. D. Young, former tax collector the account of C. D. Young, tax collector, at the Jefferson Trust & Savings Bank (predecessor of plaintiff bank) was turned over to the city of Gretna; and

"Whereas, it was figured that this account amounted to $260.44, and credit given Mr. Young for that amount; and

"Whereas, this account as turned over to the city of Gretna, amounting to $408.78;

"Be it resolved, that Mr. Young be reimbursed for the difference amounting to $148.34 and that proper warrant be drawn for same."

Notwithstanding the action of the city council with respect to the fund in the bank, it does not appear that any effort was made to reduce the deposit to the possession of the city until a short while prior to January 5, 1935, when the present suit was filed against the liquidators of the Gretna Trust & Savings Bank, and Mrs. Young impleaded, Young having died in the meantime. In her individual capacity and as administratrix pro tempore of her husband's succession, she filed an answer in which she set up the ownership of the deposit on the ground that the city of Gretna was overpaid by her husband in an amount in excess of the deposit in the bank. She asked for judgment recognizing her as the owner of the deposit, or, in the alternative, for judgment against the city of Gretna for the amount thereof, with reservation of her right to sue the city for a larger sum.

The liquidators of the Gretna Trust & Savings Bank are without interest in the controversy, their position being that of a stakeholder, the question being whether the funds in their possession belong to the city of Gretna or to Mrs. Young.

At the outset we observe that the account is in the name of "Charles D. Young, tax collector," which, at least, gives rise to the presumption that the funds belonged to the city.

The resolutions of the city council, supplemented by the testimony of Mr. Bender, the chairman of its finance committee, who occupied that office at the time of the defalcation, and the testimony of Mr. Jos. A. Daul, who succeeded Mr. Young as tax collector of the city of Gretna, constitute very plausible proof to the effect that the deposit belongs to the city of Gretna.

Mrs. Young testified that the exact amount which her husband returned to the city was $7,679.51, which was made up as follows: $4,200 in the form of a check which she received from the sale of her home in Baton Rouge, La.; $408 in cash; $3,071.51 allowance on account of her husband's salary for one year and eight months at $150 a month, plus $71.51; a voucher given her husband by the city to reimburse him for an amount which he expended for account of the city. These items total $7,751.01, but it is apparent that the difference, $71.51, is due to her erroneous calculation of her husband's salary for twenty months at $150 a month as $3,071.51, instead of $3,000. It is conceded that the $4,200 was derived from the sale of the Young home in Baton Rouge, but the other items are not substantiated by any corroborative evidence. In the first place, there is no explanation of why twenty months' salary should be due Young, assuming that the $408, which she said she paid in cash, was not confused with the $408.78, the amount of the deposit in the bank. Nor do we understand why Mrs. Young, who claims to have handled the transaction of settlement with the mayor of the city of Gretna, should have overpaid the shortage by $259.66, as she claims she did. We commend her for her loyalty to her husband and determination to protect his reputation, but we can find no reasonable ex-

planation of the alleged overpayment, particularly since the record indicates that the money used for reimbursing the city was obtained with great effort. Moreover, she has no receipts, or, at least, produced none, to indicate the true amount which was paid the city.

On the other hand, the city of Gretna failed to produce a copy of the audit of the accounts of Mr. Young, and did not explain why the money was allowed to remain in the bank unclaimed for nearly ten years, after the adoption of a resolution by the council providing for its collection. But, on the whole, we believe it sufficiently appears from the city records and the testimony of its officers that the funds in dispute now in the possession of the Gretna Trust & Savings Bank are the property of the city of Gretna.

Counsel for Mrs. Young directs our attention to the many cases of this court in which we have said that the judgment of the trial court, upon issues of fact, will not be lightly disturbed, and points out that the question of the ownership of the deposit is one of fact, which the trial court has determined in her favor. However, we find ourselves unable to agree with our brother below, and it is our duty, under the law, to decide the case as we believe it should have been decided in the first instance. Code Prac. art. 905.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein decreeing the city of Gretna the owner of a certain deposit of $408.78 appearing to the credit of "Charles D. Young, Tax Collector," in the Gretna Trust & Savings Bank, in liquidation, and it is further ordered that the claim of Mrs. Ruth Young, widow of Charles D. Young, be rejected at her cost.

Reversed.